IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| Rocky Louis King, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13cv1553 (GBL/TRJ) |
| ) | |
| Dir., Virginia Dep't of Corrections, ) | |
| Respondent. ) | |

MEMORANDUM OPINION

This matter comes before the Court upon review of the respondent's Motion to Dismiss.

Rocky Louis King, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit

Court for the County of Fairfax, Virginia of attempted capital murder of a police officer and

other offenses. The petition initially was filed on December 9, 2013. On April 10, 2014,

respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous

exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on April 25, 2014. For the reasons

that follow, petitioner's claims must be dismissed.

**I. Background**

On July 2, 2008, a jury convicted petitioner of attempted capital murder of a police

officer, use of a firearm in the commission of a felony, possession of cocaine, and possession of

a firearm while in possession of cocaine in the Circuit Court for the County of Fairfax.

Commonwealth v. King, Case No. FE-2008-212. The jury sentenced him to 51 years in prison,

and the court imposed the sentence on November 7, 2008. On July 8, 2008, petitioner filed a

motion for a mistrial or a hearing on the effect of a third-party communication with the jurors.

The trial court denied his motion, and petitioner pursued a direct appeal to the Court of Appeals of Virginia challenging the denial. On March 22, 2011, the Court of Appeals found that the trial court did not err in denying the motion, and affirmed petitioner's conviction in an unpublished decision. King v. Commonwealth, R. No. 2507-09-4 (Va. Ct. App. 2011). On October 27, 2011, the Supreme Court of Virginia denied petitioner's petition for appeal. King v. Commonwealth, R. No. 110712 (Va. 2011).

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, asserting that his trial counsel was ineffective for failing to file a motion to dismiss petitioner's case due to Speedy Trial violations; failing to timely request a hearing on the effect of third-party contact with jurors; failing to argue that petitioner did not actually point his gun at a police officer's head, but had appeared to do so because another officer Tasered him; and failing to subpoena video footage from police cruisers on the scene of the incident. The court dismissed the petition on May 13, 2013, and denied a petition for rehearing on September 19, 2013. King v. Dir. of the Dep't of Corr., R. No. 121802.

On or about December 9, 2013, petitioner timely filed the instant federal habeas petition,[1] claiming that his Sixth Amendment right to effective assistance of counsel was violated when counsel failed to (1) file a motion to dismiss for violations of petitioner's Speedy Trial rights; (2) timely object to a third-party contact with the jury and move for a hearing on the contact; (3) argue that petitioner only appeared to aim a gun at a police officer's head after being Tasered by another officer; and (4) subpoena video footage from police cruisers at the scene of the crime.

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner dated his petition as signed on December 9, 2013. The court received it on December 12, 2013.

On April 10, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on April 25, 2014. Based on the pleadings and record before this Court, it is uncontested that petitioner timely filed his petition and exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Terry Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not permit a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)

3

(internal citations omitted).  A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'"  Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

A.  Ineffective Assistance of Counsel Standard

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984).  Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial.  Strickland, 466 U.S. at 687.  To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial.  See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).  In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can appropriately dismiss an ineffective assistance of counsel claim on either prong.  Strickland, 466 U.S. at 697.

B.  Claim One

Petitioner's first claim is that counsel was ineffective for failing to move to dismiss the case on speedy trial grounds.  Pet. Att. [Dkt. 1], at 2.  Petitioner was arrested on September 11,

4

2007, and formally charged on September 13, 2007. His preliminary hearing, although scheduled for November 26, 2007, was continued to February 5, 2008, on the Commonwealth's motion. See Memorandum in Support of Respondent's Motion to Dismiss ("Resp.'s Mem.") [Dkt. 10), at 5 ¶ 11; Ex. 1. After two additional continuances – one filed jointly, and one attributed to the defendant, over objection – petitioner's trial commenced on June 30, 2008. See Resp.'s Mem., at 5 ¶ 11; Ex. 2-3. Petitioner states that, as his trial occurred nine months after his arrest, his attorney's failure to move for dismissal "was unreasonable and prejudicial." Pet. Att. at 2-3. He argues that, "whenever counsel's deficient performance results in an unreliable or fundamentally unfair outcome in the proceeding, . . . Strickland's [sic] prejudice requirement has been met." Id. at 3 (citing Glover v. United States, 531 U.S. 198, 204 (2001)).

The Supreme Court of Virginia, reviewing petitioner's state habeas corpus petition, rejected this claim on the merits, finding that petitioner failed to satisfy either prong of the Strickland standard. Specifically, the court found that, as petitioner's trial was commenced within five months of his preliminary hearing, no violation of his speedy trial rights occurred under Virginia law. See King v. Dir. of the Dep't of Corr., slip op., at 2; Va. Code § 19.2-243. Accordingly, the court found no indication that trial counsel's performance was deficient. In addition, the court found that, because petitioner, through counsel, consented to the continuances, there was no reasonable probability that, but for any alleged errors, the result of petitioner's trial would have been different. Id.

Nothing in the Supreme Court of Virginia's analysis is contrary to or an unreasonable application of clearly established federal law. The court found that petitioner's speedy trial rights were not violated under Virginia law. Thus, he did not suffer any prejudice of any kind from his attorney's actions. As nothing in the record suggests that the result of petitioner's trial

5

was "unreliable or fundamentally unfair," Glover, 531 U.S. at 203, the Supreme Court of Virginia's conclusion is in accordance with federal law. Accordingly, Claim One must be dismissed.

## C. Claim Two

Petitioner also argues that his counsel was ineffective for failing to timely move for a mistrial after a third party communicated with the jurors. Pet. Att., at 3. This claim arises out of the events of July 2 and July 3, 2008. At the end of the day on July 2, 2008, the jury found petitioner guilty of all charged offenses. The judge instructed the jury to return the next day for sentencing, and instructed the jurors not to speak to anyone about the case. See Trial Transcript ("Tr. Tran.") (July 2, 2008), Commonwealth v. King, Case No. FE-2008-212, at 187-189. The next day, immediately before the jury returned its sentence, the judge informed the parties that he would not permit the attorneys to speak with the jurors after the trial because "apparently some comments were made to the jurors yesterday [by] [s]omeone with an interest in the case." These comments were apparently of a threatening nature. See Tr. Tran. (July 3, 2008), at 44. After the jury read its sentencing verdict, the judge asked the parties if they had anything to raise to the court. Petitioner's counsel, after conferring with petitioner, did not object to the jury's verdict. See id. at 46.

On July 7, 2008, petitioner's attorney filed a "Motion to Vacate Verdict and Declare Mistrial," and asked for a hearing on the matter to be scheduled. See Resp.'s Mem., Ex. 4. Petitioner's counsel argued that, due to the nature of the comments made to the jury, the court should declare a mistrial and vacate the verdict. See id. at 4. On July 8, 2008, the trial court found that the motion was timely made, but denied it on the merits. The judge stated: "I do not think the threshold has been satisfied to go behind the jury verdict, so the motion for a mistrial is

6

denied, as is the motion in the alternative, to bring the jurors in for questioning." Tr. Trans. (July

8, 2008), at 11.  On appeal, the Court of Appeals of Virginia found that petitioner "waived

appellate review of this error," due to his failure "to timely object when the trial court informed

him of the third-party contact with the jury." King v. Commonwealth, slip op., at 1.  The court

found that:

> [T]he legal tenet requiring a defendant to make a timely motion for mistrial
> applies.  Here, [petitioner] was notified that someone with an interest in his case
> had made comments to the jury; however, [petitioner] elected to forego a timely
> inquiry into the third-party contact.[FN]  [Petitioner] chose not inquire who had
> contacted the jury and what the nature of the communication was.  Instead, he
> chose to await the jury verdict and then made the motion after the jury was
> discharged.   We choose not to speculate as to the reasons for [petitioner's]
> forbearance; we only note that [petitioner] failed to avail himself of this
> prerogative.  Given these circumstances, we conclude that the court did not err in
> failing to grant [petitioner] a mistrial or hearing pursuant to [Remmer v. United
> States, 347 U.S. 227 (1954)].
>
> [FN:] When making this decision, [petitioner] was also aware that members of his
> support group had made a witness uncomfortable and had made comments to the
> victim.

Id. at 6-7.

The Supreme Court of Virginia rejected petitioner's claim of ineffective assistance on the

merits.  Specifically, the court found that petitioner could not prove that the result of his trial

would have been different had counsel moved for a mistrial when the trial court informed the

parties of the third-party contact with jurors.  King v. Dir. of the Dep't of Corr., slip op., at 3.

The court stated:

> Petitioner cannot establish that outcome of the proceeding would have been
> different had counsel objected and moved for a mistrial or requested a hearing on
> the effect of third-party contact with the jury at the time the trial court informed
> the parties of the juror contact.  Counsel filed a motion for a mistrial or an
> evidentiary hearing, which the trial court deemed timely and denied on the merits.
> Further, the Court of Appeals ruled that the trial court did not err in denying the
> motion.  Thus, petitioner has failed to demonstrate that, but for counsel's alleged
> errors, the result of the proceeding would have been different.

Id. at 3-4.

To show prejudice under Strickland, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 at 694. The Supreme Court of Virginia upheld the trial court and Court of Appeals' holdings that the denial of the motion for mistrial was proper, and accordingly, that petitioner could not show a reasonable probability of a different outcome had the motion been made in a more timely manner. As nothing in the Supreme Court of Virginia's analysis is contrary to or an unreasonable application of clearly established federal law, Claim Two must be dismissed.

## D. Claim Three

Petitioner's third claim is that counsel was ineffective for failing to argue that petitioner did not intentionally point a gun at a police officer's head, but only appeared to do so because he was Tasered by another officer. Pet. Att., at 5-6. The evidence presented at trial showed that two police officers, Eugene Bork and Charles Reinhard, responded to a single-vehicle accident in the early morning hours of September 11, 2007. See, e.g., Tr. Trans. (June 30, 2008), at 164-170. Bork spoke with petitioner, who appeared to be intoxicated and "an emotionally-disturbed person," for approximately thirty minutes in an attempt to get him to exit the car. See, e.g., Tr. Trans. (July 1, 2008), at 27, 41; Tr. Trans. (June 30, 2008), at 275. At one point, petitioner stated that, if he exited the vehicle, he "was going to do something with [his] arm." See Tr. Trans. (July 1, 2008), at 31. After hearing this statement, Bork gave his Taser to Reinhard, who stood at the other end of the car. Id. at 31-37.

When petitioner finally exited the vehicle, he took a gun out of his waistband and brought it to Bork's head. Id. at 53; Tr. Trans. (June 30, 2008), at 189-190. Upon seeing petitioner draw

8

a weapon, Reinhard aimed the Taser at petitioner. Tr. Trans. (June 30, 2008), at 190. As soon as Reinhard realized that petitioner had a gun, however, he dropped the Taser and shot at petitioner with his service weapon, as Reinhard believed that petitioner was going to kill Bork. Id. at 190-95, 205. In a "fight for [his] life," Tr. Trans. (July 1, 2008), at 55, petitioner and Bork struggled over petitioner's gun for several minutes, until Reinhard and another officer managed to subdue petitioner. Tr. Trans. (June 30, 2008), at 229.

Petitioner's counsel, in opening statements, stated that petitioner never intended to kill Bork, but actually intended to kill himself by provoking Bork into shooting him. See Tr. Trans. (June 30, 2008), at 141-48. Petitioner's counsel also raised this theory of "suicide by cop" on cross-examination and alluded to it in closing arguments. Id. at 278-79; Tr. Trans. (July 2, 2008), at 168-69. The Supreme Court of Virginia, reviewing petitioner's habeas claim, found that "counsel's strategic decision to make this argument was reasonable under the circumstances." King v. Dir. of the Dep't of Corr., slip op., at 5. The court also found that the evidence presented at trial "refutes petitioner's claim that he was [T]asered." Id. at 4.

Accordingly, the Supreme Court of Virginia found that petitioner had failed to meet either prong of the Strickland test. This decision was not contrary to, or an unreasonable application of, clearly established federal law. An attorney's performance at trial is presumed to be reasonable, Bell, 535 U.S. at 695, and courts reviewing ineffective assistance claims must determine whether counsel was reasonable at the time of the challenged action. Strickland, 466 U.S. at 689; United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013). At trial, counsel's theory was that petitioner wanted to kill himself with his gun, and that, when stopped by the police, he decided to provoke the police into shooting him, instead. As petitioner's proposed argument that he only pointed the gun at Bork's head after being Tased would not have fit within such a

9

strategy, it was reasonable for counsel not to make petitioner's argument. In addition, the evidence presented at trial does not support petitioner's argument that he aimed the gun at Bork's head after being Tased. Counsel thus had no reason to question the officers about such a theory. Accordingly, nothing in the record supports petitioner's contention that his counsel was ineffective for failing to make his preferred argument. Therefore, Claim Three must be dismissed.

E. Claim Four

Lastly, petitioner claims that counsel was ineffective for failing to subpoena video footage from the police cruisers on the scene. Petitioner claims that an officer at his preliminary hearing testified that the police cruisers had video cameras, but that petitioner's counsel failed to obtain these videos. Pet. Att., at 6.

The Supreme Court of Virginia found that petitioner had failed to meet either prong of the Strickland test. Specifically, the court found that:

> Petitioner failed to establish that any video footage of his interaction with the police existed, or to allege what information such footage could have provided. The record, including the trial transcript, demonstrates that that the police officer testified at trial that [the] police cruisers were not equipped with video cameras. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

King v. Dir. of the Dep't. of Corr., slip op., at 5. As the trial transcripts reflect that none of the police cruisers present at the crime scene were equipped with video cameras, and there is nothing in the transcript of the preliminary hearing to support petitioner's contention that such cameras exist, petitioner has failed to rebut the state court's finding of fact by clear and convincing evidence. See Miller-El, 545 U.S. at 240. Accordingly, these factual findings are presumed to be correct. As counsel had no reason to subpoena non-existent evidence, petitioner cannot show

that counsel's failure to do so was prejudicial. The Supreme Court of Virginia's conclusion was not contrary to, or an unreasonable application of, clearly established federal law. Claim Four must therefore be dismissed.

As nothing in the Supreme Court of Virginia's reasoning is contrary to or an unreasonable application of clearly established federal law, all of petitioner's claims must be dismissed.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this _29th_ day of _January_ _____ 2015.


_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia